IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| SEALED,<br><br>      Plaintiff,<br>v.<br><br>SEALED,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER RE: [3, 5, 10, 15, 16, 17, 18, 28, 32] MOTIONS<br><br>Case No. 4:22-cv-00046-DN-CMR<br><br>Judge David Nuffer<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) (ECF 11). Before the court are nine motions filed by *pro se* Plaintiff Robert Andrew Mullins (Plaintiff): (1) Motion to Seal the Case (Motion to Seal) (ECF 3); (2) Motion to Submit Agency Disposition under 28 U.S.C. § 2675(a) (ECF 5) (Motion to Submit Agency Disposition); (3) Motion for Default Judgment against the U.S.A. (Motion for Judgment) (ECF 10); (4) Motions for Service of Process (Motions for Service) (ECF 15, 16, 17); (5) Ex Parte Motion to Compel U.S. Attorney to Audit Inovar (Motion to Compel) (ECF 18); and (6) Motion for Nunc Pro Tunc Order (Nunc Pro Tunc Motion) (ECF 28); and (7) Motion for Relief Under Rule 60 (Rule 60 Motion) (ECF 32) (collectively, Plaintiff's Motions). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). The court DENIES Plaintiff's Motions for the reasons below. Moreover, as discussed below, the court orders the clerk to unseal this matter and that Plaintiff shall, forty-five (45) days from the date of this Order, provide good cause for the failure to serve

Defendants or provide proof of service for all Defendants as set forth in Federal Rule of Civil Procedure 4(l).[1] Failure to do so may result in a recommendation that this action be dismissed.

### A.  Legal Standard

A court construes pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citations omitted). If pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Moreover, Plaintiff's *pro se* status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure" as well as the Local Civil Rules for the United States District Court for the District of Utah. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### B.  Motion to Seal

Plaintiff's Motion to Seal (ECF 3) requests a "'preliminary'" sealing of his case "upon a result of 'finding' [that] document bates labeled Mullins-1023 through 1025 [are] valid" (ECF 3 at 1). This document entitled "Memorandum of Understanding and Agreement" (Memorandum of Understanding) is attached to the Complaint and seems to outline the relief that Plaintiff seeks

---

[1] The court does not lift or modify the September 30, 2022 Restricted Filings Order (ECF 21) at this time. However, the court separately grants Plaintiff leave to file proof of service of Defendants or a written response demonstrating good cause as discussed herein.

from this action (*see* ECF 1-1 at 21-24). The Motion to Seal also cites to 28 U.S.C. § 1346(b)(1) and Utah Code Ann. §§ 77-40a-402 and 77-40a-201(3)(b).

"Court records are presumptively open to the public" and "the sealing of civil cases is highly discouraged." DUCivR 5-2 (a). However, "[i]n extraordinary circumstances, a judge may sua sponte order a case to be sealed or may order a case to be sealed by granting a party's motion." *Id.* To seal a new or existing case, a party's motion must "identify the statute, rule, case law, or other basis permitting the court to seal the case. DUCivR 5-2(c)(1)-(2).

None of the statutes cited by Plaintiff permits the court to seal the case or meet the extraordinary circumstances standard.[2] Because Plaintiff has not identified "the statute, rule, case law, or other basis permitting the court to seal the case," the Motion to Seal (ECF 3) is DENIED and the court directs the Clerk of Court to unseal this case.

### C. Motion to Submit Agency Disposition

Plaintiff's Motion to Submit Agency Disposition (ECF 5) cites to 28 U.S.C. § 2675(a) and requests that "as required by statute," this court enter disposition against the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE) (ECF 5 at 1). The Motion to Submit Agency Disposition is difficult to follow, but under the court's liberal interpretation, Plaintiff appears to have sent to the U.S. Attorney's office in Salt Lake City his Memorandum of Understanding outlining the relief that Plaintiff seeks from this action (*see* ECF 1-1 at 21–24), which was then received by DHS and ICE on April 27, 2022 (ECF 5-1 at 1). Plaintiff

---

[2] 28 U.S.C. § 1346(b)(1) states the circumstances under which the United States can be a named defendant in claims for money damages "or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government." Utah Code Ann. § 77-40a-402 describes the process for distribution for an order for vacatur under Utah Code Ann. § 78B-9-108(2). Utah Code Ann. § 77-40a-201(3)(b) gives state district and justice courts directions to follow if the requirements for automatic expungement under state law have been met.

argues that because the Memorandum of Understanding was never responded to, the U.S. Attorney is in default as to the demands in the Memorandum of Understanding (ECF 5 at 1–2).

Plaintiff also attaches as an exhibit to his Motion to Submit Agency Disposition a letter from DHS and ICE dated June 28, 2022, in response to the Memorandum of Understanding stating that ICE was denying his claim because of the "statute of limitations found in Utah Code § 78B-2-307(3) with respect to claims arising under *Bivens v. Six unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)" and that Plaintiff had six months from the mailing date of the letter to "recover any alleged damages or expenses incurred" pursuant to 28 U.S.C. § 2401(b) at the proper United States District Court (ECF 5-1 at 1). Plaintiff argues this response was inadequate because his claims do not come under *Bivens*, but under "28 U.S.C. 2671–2680 and 18 U.S.C. 2515" in violation of the "exclusionary rule, abuse of process, false imprisonment under continuous occurrence doctrine, [and] vicarious liability under 5 U.S.C. 3347(a)(2), (c)(2)" (ECF 5 at 1).

The Federal Torts Claims Act (FTCA) "is the exclusive remedy for individuals who wish to bring claims against the United States 'arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment....'" *Staley v. United States*, No. 2:18-CV-941-TC, 2022 WL 1014909, at *10 (D. Utah Apr. 5, 2022) (quoting 28 U.S.C. § 2679(b)(1)). "But before a person may file a tort claim against the United States in court, [they] must exhaust … administrative remedies." *Id.* (citing 28 U.S.C. § 2675(a)). "To do that, the claimant must present his claim in writing to the appropriate federal agency." *Id.* "The failure of an agency to make final disposition of a claim within six

months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

Plaintiff's request for agency disposition under 28 U.S.C. § 2675(a) is improper. Nothing in the language of 28 U.S.C. § 2675(a) allows for this court to enter disposition against any of the entities that Plaintiff names in the Motion to Submit Agency Disposition. Rather, 28 U.S.C. § 2675(a) simply outlines the process a claimant must follow before bringing a claim "against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Plaintiff seems to have adequately done this by sending his Memorandum of Understanding to the U.S. Attorney's Office, evidenced by the response (ECF 5-1). But this does not mean that 28 U.S.C. § 2675(a) grants this court any authority to dispose of agency proceedings. Plaintiff's Motion for Disposition (ECF 5) is therefore DENIED.

### D. Motion for Default

Plaintiff's Motion for Default asks this court to enter "a Default Ruling in his favor per" the Memorandum of Understanding (ECF 10 at 1). The Motion also asks that the "court issue orders per relied demand" consistent with the Memorandum of Understanding (*id.*). The Motion does not specify if the default sought is against any specific Defendant, but the caption of the Motion is titled "Motion for U.S.A. to Capitulate Forthwith" (*id.*).

Rule 55 of the Federal Rules of Civil Procedure states that an entry of default is appropriate when the party against whom the default is sought "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The Local Rules of Civil Practice for the District of Utah (Local Rules) also require the party seeking default to "file a 'motion for entry of default' and a proposed order" and that such "motion must describe with specificity the method by which

each allegedly defaulting party was served with process in a manner authorized by Fed. R. Civ. P. 4, and the date of such service." DUCivR 55-1(a). "No motion for default judgment must be filed unless a certificate of default has been entered by the clerk." DUCivR 55-1(b). Moreover, when default judgment is sought "against the United States, its officers, or its agencies" the claimant must establish "a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

Regardless of which Defendant the requested entry of default is against, the docket does not reflect valid proof of service on any Defendant. Plaintiff is not entitled to entry of default judgment where none of the Defendants have been properly served. Plaintiff's *pro se* status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure" as well as the Local Rules. *See Ogden*, 32 F.3d at 455. The court therefore DENIES Plaintiff's Motion for Default (ECF 10) without prejudice.

E.      **Motions for Service**

Federal Rule of Civil Procedure 4(c)(3) states that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."[3]

Plaintiff's Motions for Service ask for the court to order the U.S. Marshals to serve several offices and agencies (*see* ECF 15–18). None of the motions specify which individual Defendants should be served under each separate office or agency. Plaintiff's first two Motions for Service (ECF 15 and 16) give no reason as to why the court should order service for Plaintiff. The third Motion for Service (ECF 17 at 1) states that Plaintiff has "served Complaint upon 3 defendants himself," but that he is "unsure as to whether a U.S. Marshal or court official is required" to

---

[3] The court notes that under Federal Rules of Civil Procedure 4(c)(3), the court *must* order service if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Emphasis added). Here, however, Plaintiff has not been granted in forma pauperis status and this requirement therefore does not apply.

effectuate service. The third Motion for Service also acknowledges that Plaintiff has paid all the court filing fees related to this case (*id.*).

Because Plaintiff is not proceeding *in forma pauperis*, the court is under no obligation to order service by the U.S. Marshals in this case. Plaintiff's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure, including Rule 4, which governs service of process. Because Plaintiff is not proceeding *in forma pauperis* and fails to give any other reasons as to why the court should order service on his behalf, the court DENIES Plaintiff's Motions for Service (ECF 15, 16, and 17).

Moreover, despite Plaintiff's allegations that he has served three Defendants himself (ECF 17 at 1), there is no proof of proper service for any Defendant and the time for Plaintiff to serve Defendants has now passed. *See* Fed. R. Civ. P. 4(m) (absent a showing of good cause for the failure to serve, the court must dismiss the action without prejudice against any defendant that has not been served "within 90 days after the complaint is filed"). However, assuming there may have been some confusion on Plaintiff's part as to service given the statements in the Motions for Service, the court *sua sponte* grants Plaintiff forty-five (45) days from the date of this Order to provide good cause for the failure to serve or provide proof of service for all Defendants as set forth in Federal Rule of Civil Procedure 4(l). Failure to do so may result in a recommendation that this action be dismissed.

### F.    Motion to Compel

Plaintiff's Ex Parte Motion to Compel (ECF 18) was filed on the docket as a Motion to Compel but is actually titled Motion for U.S. Attorney to audit Inovar inc. and asks for several miscellaneous requests. The Motion asks for this court to: (1) "merge case 1:21-cv-160-TS, with case 4:22-cv-00046"; (2) to "audit the Illinois Federal Contractor, who was acting as a federal

contractor to Inovar Inc." to acquire "the names of the 5 Minnesota business entities as agreed to in" the Memorandum of Understanding; (3) to "[u]pdate case 4:22-cv-00046 with newly acquired information of the 5 Minnesota entities, created on the same day in the year 2015"; (4) to "[o]rder U.S. Marshall Service [to] seize accounts and assets of [the] five Minnesota business entities" or (5) alternatively to order "the U.S. Marshal's Service via the U.S. Attorney to [a]cquire the information listed at item 5 of [the] Memorandum of Understanding and then take different actions in the bank accounts of the five Minnesota business entities.

Plaintiff's request to have this case merged with case 1:21-cv-160-TS is DENIED AS MOOT as case 1:21-cv-160-TS has been dismissed with prejudice, and this dismissal has now been affirmed by the Tenth Circuit (1:21-cv-160-TS, ECF 34, 54). Plaintiff also fails to cite to any authority that would allow for this court to grant any of the subsequent requested relief. The remaining relief sought is neither permitted nor contemplated by the rules of this court. The court therefore DENIES Plaintiff's Motion to Compel (ECF 18).

### G. Nunc Pro Tunc and Rule 60 Motions

Plaintiff's Ex Parte Motion for Nunc Pro Tunc seeks to have the court find timely "motions originally mailed on time yet returned due to insufficient postage" prior to or at the same time as this court's order September 30, 2022 Restricted Filings Order (ECF 21) banning Plaintiff from filing new motions or filings (ECF 28 at 1). The Nunc Pro Tunc Motion also asks that this court enter a default ruling in Plaintiff's favor on all the motions filed that have gone unanswered by Defendants (*id.* at 2).

Plaintiff does not cite to any legal authority that would give this court the authority to grant this type of relief. At the time the court entered the ban on further filings, the court had received eight motions from Plaintiff in less than two months and the docket does not reflect that service

has been effective on any of the Defendants. *See* Fed. R. Civ. P. 4(l) ("unless service is waived, proof of service must be made to the court").

Moreover, Plaintiff does not inform the court what kind of motions were not allowed on the docket because of the Restricted Filings Order. The court notes a number of documents have been lodged but it is unclear if Plaintiff is referring to the lodged motions or other motions. Accordingly, the court DENIES Plaintiff's Nunc Pro Tunc Motion (ECF 28).

Plaintiff's Rule 60 Motion (ECF 32) asks for similar relief and for the same reasons stated above, the court hereby DENIES Plaintiff's Rule 60 Motion (ECF 32).

## II.   ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's Motions (ECF 3; ECF 5; ECF 10; ECF 15; ECF 16; ECF 17; ECF 18; ECF 28; ECF 32) are DENIED;

2. The clerk is further directed to unseal this matter; and

3. Plaintiff shall, no later than forty-five (45) days from the date of this Order show good cause for his failure to serve Defendants or provide proof of service for all Defendants as set forth in Federal Rule of Civil Procedure 4(l). Failure to do so may result in a recommendation of dismissal.

IT IS SO ORDERED.

DATED this 3 October 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah