THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT ANDREW MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF, OBJECTION, AND MOTION FOR HEARING**<br><br>Case No. 4:22-cv-00046-DN-CMR<br><br>District Judge David Nuffer<br><br>Magistrate Judge Cecilia Romero |

Plaintiff Robert Mullins ("Mullins") filed four motions seeking injunctive relief including: (1) Motion for Preliminary Relief Order to U.S. Treasury ("U.S. Treasury Motion")[1]; (2) Motion for Preliminary Injunctive Relief Order ("Cache County Motion")[2]; (3) Motion for Ex Parte Injunctive Relief Order ("Relief Demand Motion")[3]; and (4) Motion for Ex Parte Injunctive Financial Relief Order ("Financial Relief Demand Motion").[4] Mullins's motions seeking injunctive relief do not address or demonstrate success on the four factors required to be shown in motions for injunctive relief.

Additionally, On September 30, 2022, Judge Cecilia Romero entered an Order Restricting Filings ("Restriction Order") barring Mullins from filing additional motions at least until the pending motions are decided.[5] Mullins filed an objection to the Restriction Order titled

---

[1] Docket no. 8, filed August 3, 2022.

[2] Docket no. 9, filed August 3, 2022.

[3] Docket no. 19, filed September 28, 2022.

[4] Docket no. 20, filed September 28, 2022.

[5] Docket no. 21, filed September 30, 2022.

a Notice of Interlocutory Appeal to Chief Justice of U.S.D.C., D. Utah of Document 21 Order ("Objection").[6] Mullins then filed an Appeal to the Circuit Court,[7] which was dismissed following Mullins's filing a notice construed to be an appeal withdrawal.[8] Mullins's Objection does not demonstrate any impropriety in Judge Romero's Order. The multiple motions filed by Mullins unreasonably and vexatiously multiply proceedings in this matter.

Mullins additionally filed a motion titled By Leave of the Court Request Hearing on all Ex Parte Relief Motions ("Motion for Hearing").[9] Mullins's Motion for Hearing does not demonstrate a hearing is necessary. Accordingly, all of Mullins's motions are DENIED.

## LEGAL STANDARD

**Pro Se Litigant Considerations**

Courts evaluate pleadings filed by pro se parties liberally and apply "a less stringent standard than is applicable to pleadings filed by lawyers."[10] Courts will construe pro se pleadings liberally and will overlook "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements" if the pleading can be reasonably read "to state a valid claim on which the plaintiff could prevail . . . ."[11] However, courts do not "supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12] It is not a "proper function of the district court to assume the role of advocate for the pro se litigant."[13] A party's "pro se status does not excuse the

---

[6] Docket no. 38, filed September 18, 2023.

[7] Docket no. 39, filed September 28, 2023.

[8] Docket no. 47, filed October 27, 2023.

[9] Docket no. 53, filed December 4, 2023.

[10] *Whitney v. State of N.M.*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.* at 1173–74 (citations omitted).

[13] *Porter v. Graves*, 597 F.App'x 964, 966–67 (10th Cir. 2014) (quoting *Hall*, 935 F.2d at 1110).

obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."[14]

**Standard for Injunctive Relief**

"Under the traditional four-prong test for a preliminary injunction," a "party moving for an injunction must show: (1) a likelihood of success on the merits; (2) a likely threat of irreparable harm to the movant; (3) the harm alleged by the movant outweighs any harm to the non-moving party; and (4) an injunction is in the public interest."[15] Failure to demonstrate any of the four prongs can defeat a motion for injunctive relief. Additionally, motions seeking money damages by way of injunction are not appropriate— "[i]f damages can compensate a plaintiff an injunction will not lie."[16] Mullins's Motions are DENIED because they fail to address or demonstrate success on the four prongs required to obtain injunctive relief and, in some instances, inappropriately seek money damages.  Each motion is addressed briefly in turn.

1. **Motion for Preliminary Relief Order to U.S. Treasury ("U.S. Treasury Motion")**[17]

In his U.S. Treasury Motion, Mullins seeks preliminary injunctive relief ordering the "U.S. Treasury, to appropriate, and pay upon an EBT/Debit Card, and Advance and Draw, . . . to Robert Andrew Mullins, $26,000,000 U.S.D." However, the U.S. Treasury Motion fails to address any of the four factors required for success on a motion for injunctive relief. Mullins's U.S. Treasury Motion is full of conclusory statements without substantive analysis or sworn factual support demonstrating any of the required factors weigh in Mullins's favor. Additionally,

---

[14] *United States v. Mathews*, No. 23-1202, 2024 WL 277732, at *2 (10th Cir. Jan. 25, 2024) (quoting *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

[15] *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1128 (10th Cir. 2013), aff'd sub nom. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 134 S. Ct. 2751, 189 L. Ed. 2d 675 (2014).

[16] *Holly Sugar Corp. v. Goshen Cnty. Co-op. Beet Growers Ass'n*, 725 F.2d 564, 570 (10th Cir. 1984).

[17] Docket no. 8, filed August 3, 2022.

Mullins seeks monetary damages, which is an inappropriate form of injunctive relief.[18] Mullins has not met his burden for preliminary injunctive relief in his U.S. Treasury Motion, which is DENIED.

### 2. Motion for Preliminary Injunctive Relief Order ("Cache County Motion")[19]

In Mullins's Cache County Motion, he seeks an order that the "Cache County Attorney . . . remove evidence and fruit of that evidence that violates the exclusionary rule . . . ."[20] Mullins cites various inapposite statutes and argues that his order should be granted after "review of cause of action and complaints . . . ."[21] However, the Cache County Motion does not address any of the factors that must be demonstrated to obtain injunctive relief. Accordingly, the Cache County Motion is DENIED.

### 3. Motion for Ex Parte Injunctive Relief Order ("Relief Demand Motion")[22]

In his Relief Demand Motion, Mullins seeks an order that the "Cache County Attorney's Office provide Relief as outlined and stated in Complaints "Relief Demand" items 1 through 6 . . . ."[23] Mullins argues that he is entitled to relief based on no responses being filed to his earlier motions for injunctive relief and because he has "demonstrated by evidence in complaint the equity and justice for such relief."[24] However, the lack of response to his prior motions does not justify his Relief Demand Motion which fails to include any analysis or demonstration that Mullins meets the four factors required to get preliminary injunctive relief. As explained above, a

---

[18] *Holly Sugar Corp.*, 725 F.2d at 570.
[19] Docket no. 9, filed August 3, 2022.
[20] Docket no. 9, filed August 3, 2022, at 1.
[21] Docket no. 9, filed August 3, 2022, at 1.
[22] Docket no. 19, filed September 28, 2022.
[23] Docket no. 19, filed September 28, 2022, at 1.
[24] Docket no. 19, filed September 28, 2022, at 1.

court evaluating pro se motions will liberally construe the motion but will not act as an advocate or "supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[25] The Relief Demand Motion, therefore, is DENIED.

### 4. Motion for Ex Parte Injunctive Financial Relief Order ("Financial Relief Demand Motion")[26]

In his Financial Relief Demand Motion, Mullins again seeks an order that the U.S. Treasury provide him a debit card with $26 million dollars on it.[27] Again, however, Mullins Financial Relief Demand Motion does not attempt to address any of the factors required for injunctive relief. And it seeks inappropriate monetary damages. Therefore, the Financial Relief Demand Motion is DENIED.

### 5. Notice of Interlocutory Appeal to Chief Justice of U.S.D.C., D. Utah of Document 21 Order ("Objection")[28]

In his Objection, Mullins argues that Judge Romero's Restriction Order[29] is improper because it bars him from "Filing a Notice to Proceed to Hearing on all ex parte Injunctive Relief Motions" and because the court has "failed to serve defendant through a process service and proceed with case."[30] Judge Romero has ordered service of process in this case, mooting this issue in the Objection.[31] Additionally, Plaintiff has filed a Motion for Hearing, which moots the second issue. Moreover, filing restrictions are not universally problematic[32] and Mullins points to no reason Judge Romero's restriction Order was improper given his numerous filings in this

---

[25] *Hall,* 935 F.2d at 1173–74 (citations omitted).

[26] Docket no. 20, filed September 28, 2022.

[27] Docket no. 20, filed September 28, 2022, at 2.

[28] Docket no. 38, filed September 18, 2023.

[29] Docket no. 21, filed September 30, 2022.

[30] Docket no. 38, filed September 18, 2023, at 1.

[31] Docket no. 52, filed December 5, 2023.

[32] *See e.g. Ketchum v. Cruz,* 961 F.2d 916, 921 (10th Cir. 1992).

case. Judge Romero amply justified her decision: "[T]here are currently eleven motions pending in this case. To allow the court to resolve Plaintiff's multiple requests for relief, the court hereby notifies Plaintiff that the court will not accept any new motions or filings as of the date of this order."[33]

The Objection is DENIED.

6. **By Leave of the Court Request Hearing on all Ex Parte Relief Motions ("Motion for Hearing")**[34]

In his Motion for Hearing, Mullins seeks a hearing on his motions for injunctive relief.[35] While a court may hold a hearing before determining a motion for injunctive relief, a hearing is not mandatory and a court has discretion to determine if a hearing will be useful.[36] Mullins's motions for injunctive relief do not address the required factors necessary to obtaining relief, and the motions do not give any impression that Mullins could save their deficiencies through a hearing. And allowing a hearing to remedy deficient papers does not comply with the Federal Rules of Civil Procedure and Local Rules. Accordingly, the Motion for Hearing is DENIED.

---

[33] Docket no. 21, filed September 30, 2022.

[34] Docket no. 53, filed December 4, 2023.

[35] Docket no. 53, filed December 4, 2023, at 1.

[36] *See Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191 (10th Cir. 1998).

## ORDER

IT IS HEREBY ORDERED that:

1. The Motion for Preliminary Relief Order to U.S. Treasury[37] is DENIED;

2. The Motion for Preliminary Injunctive Relief Order[38] is DENIED;

3. The Motion for Ex Parte Injunctive Relief Order[39] is DENIED;

4. The Motion for Ex Parte Injunctive Financial Relief Order[40] is DENIED;

5. The Notice of Interlocutory Appeal to Chief Justice of U.S.D.C., D. Utah of Document 21 Order[41] is DENIED;

6. By Leave of the Court Request Hearing on all Ex Parte Relief Motions[42] is DENIED.

Signed March 13, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[37] Docket no. 8, filed August 3, 2022.
[38] Docket no. 9, filed August 3, 2022.
[39] Docket no. 19, filed September 28, 2022.
[40] Docket no. 20, filed September 28, 2022.
[41] Docket no. 38, filed September 18, 2023.
[42] Docket no. 53, filed December 4, 2023.