IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| ROBERT ANDREW MULLINS,<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | **REPORT & RECOMMENDATION GRANTING MOTIONS TO DISMISS: [61], [72] & [73]**<br><br>Case No. 4:22-cv-00046-DN-CMR<br><br>Judge David Nuffer<br>Magistrate Judge Cecilia M. Romero |

   This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 11). Before the court are the following three Motions to Dismiss regarding pro se Plaintiff Robert Andrew Mullins' (Plaintiff) Complaint (ECF 1): (1) Defendants Spencer Walsh and Cache County Attorney's Office's (collectively, Cache County Defendants) Motion to Dismiss (Cache County Defendants' Motion) (ECF 61); (2) Defendant Clerk of the Court for Cache First District Court's (Clerk Defendant) Motion to Dismiss (Clerk Defendant's Motion) (ECF 72); and (3) Defendant United States of America (United States) and Defendants Karin Fotjik, James Wright, Brain Dean, Greg McClune, and Robert Stokes' (collectively, Federal Defendants) Motion to Dismiss (Federal Defendants' Motion) (ECF 73). The court also considers Plaintiff's Responses to the Motions (ECF 65; ECF 105).[1] Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the undersigned RECOMMENDS the Motions to Dismiss be GRANTED.

---

[1] Plaintiff initially only timely filed a Response to Cache County Defendants' Motion (ECF 65). However, later Plaintiff filed a "Motion for Leave to file a Response to Cache County Attorneys' Motion to Dismiss" (ECF 96). Given that Plaintiff had already filed his Response to Cache County Defendants' Motion, the court gave Plaintiff leave to respond to the Clerk Defendant's Motion (*see* ECF 100). Plaintiff filed a timely Response (*see* ECF 105). In this Response, Plaintiff clarified some of his arguments as to Cache County Defendants, but also that the filed Response would address the Motions of the Clerk Defendant and the Federal Defendants (*id.* at 2).

1

I.     BACKGROUND

Although this action was not filed until July 20, 2022 (ECF 1), the relevant events in Plaintiff's action date back to 2009 and largely arise from what Plaintiff characterizes as allegedly "unlawfully obtained evidence" that was improperly used against him in a criminal manner resulting in a conviction in Cache County, Utah (ECF 1 at 4) (Plaintiff alleges the transfer of the "unlawfully obtained evidence" took place on "December 14, 2009."). Plaintiff alleges the evidence in question was obtained or handled by Defendants Wright, Dean, Stokes, and McClune, all of whom he alleges to be federal agents for the Department of Homeland Security (DHS) (*see* ECF 1 at 17–18; *see also* ECF 1-1 at 5, 8, 17) and that Defendant Fojtik, an attorney for the United States, then transferred the relevant evidence to Cache County Attorney Spencer Walsh for the prosecution of Plaintiff (ECF 1 at 7).[2]

Due to his conviction that he alleges resulted from the collection, transfer, and use of the alleged unlawfully obtained evidence, Plaintiff raises claims of abuse of process, false imprisonment, and malicious prosecution under the Federal Tort Claims Act (FTCA), or 28 U.S.C.

---

[2] Plaintiff's Complaint does not discuss or divulge much of the information relating to his arrest or conviction. However, the Clerk Defendant and Federal Defendants attach to their Motions what they allege to be Plaintiff's guilty disposition along with the relevant sentence and judgment (Plaintiff's Minutes) (ECF 72-1 & 73-1) of Plaintiff's underlying criminal conviction. According to these exhibits, on August 17, 2010, Plaintiff was found guilty of three counts of sex exploitation of a minor (ECF 72-1 at 1; ECF 73-1 at 2). The court finds that these proceedings directly relate to the case at hand and therefore considers the unopposed request to consider these exhibits. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation and internal quotation marks omitted); *see also Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) notice without converting the motion to dismiss into a motion for summary judgment." (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006))).

§§ 2671–2680, against the United States and its agents (*id.* at 4, 7, 21).[3] Plaintiff alleges that this transfer of evidence and its later use by the Cache County Defendants in Plaintiff's prosecution makes the Cache County Defendants federal agents, and in turn the United States, vicariously liable for Plaintiff's claims (*id.* at 10, 13, 17–18, 21). Plaintiff seeks $22 million dollars from his alleged false imprisonment, $4 million dollars in attorney fees, and requests this court take corrective action to "cur[e]" his underlying criminal conviction holding him imprisoned (*id.*). The Complaint does not impute conduct to the Clerk Defendant other than a vague allegation to be able to "cure" Plaintiff's record (ECF 1 at 15).

Central to Plaintiff's action is also the "Memorandum of Understanding and Agreement" (the Letter) attached to Plaintiff's Complaint (*see* ECF 1-1 at 21–24).[4] Plaintiff claims that he sent his Letter to the U.S. Attorney and DHS, among others, on April 15, 2022, it was received by the U.S. Attorney on April 22, 2022, and the U.S. Attorney has defaulted on the Letter by failing to respond to it (ECF 1 at 20). DHS, however, did respond to the Letter on June 28, 2022, and advised Plaintiff that he had the right to file a lawsuit against the United States pursuant to 28 U.S.C. § 2401(b) (ECF 73-3 at 2).[5] In addition, Plaintiff alleges that the U.S. Attorney's default to his Letter

---

[3] In the Complaint, Plaintiff references what he titles "Memorandum of Understanding and Agreement," or a unilateral contract to certain Defendants in the action and now alleges the United Stated is in breach of the contract for not responding to the demands within it as Plaintiff requested (ECF 1 at 19). In support, Plaintiff cites to *Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*, 135 Wash. App. 760, 769 (2006) ("A unilateral contract exists when one party offers to do a certain thing in exchange for the other's performance, and performance by the other party constitutes acceptance."). While it is not clear from the Complaint this is a stand-alone claim, reading this claim as such would be inconsistent with the rest of the Complaint, where Plaintiff asks the court to find liability under 28 U.S.C. § 2680(h), a law enforcement proviso that grants this court jurisdiction over certain tort claims when they are alleged to have been committed by federal investigative or law enforcement officers (*see e.g.*, ECF 1 at 1, 21). Further, to the extent this is meant to be a standalone claim, it is not properly pled under Rule 12(b)(6) as Plaintiff does not allege exactly what offer or performance the United States promised to deliver and what action by Plaintiff or the United States, other than receiving the memorandum, consists in performance of the contract. Moreover, the case cited by Plaintiff is not controlling under this court's jurisdiction. The court therefore does not consider this a stand-alone claim.

[4] *See Hodgson*, 675 F. App'x at 840–41 ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) notice without converting the motion to dismiss into a motion for summary judgment.").

[5] *See id.*

3

constitutes both deemed liability under 28 U.S.C. § 2680(h), and an agreement to cure the files in Plaintiff's past underlying criminal conviction (*id.* at 21).

Cache County Defendants argue that Plaintiff's Complaint warrants dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under 42 U.S.C. § 1983, the *Heck* doctrine, and prosecutorial immunity (ECF 61 at 4–7). The Clerk Defendant argues the Complaint should be dismissed under quasi-judicial immunity and the *Heck* Doctrine (ECF 72 at 7–9). Federal Defendants argue individual defendants should be dismissed as they are not proper Defendants under the FTCA (ECF 73 at 1). As to the United States, Federal Defendants argue Plaintiff cannot state a plausible claim for false imprisonment because he remains in custody, any abuse of process claim is now barred by the FTCA's statute of limitations, the requested relief would violate *Heck*, and Plaintiff failed to state a plausible claim under Rule 12(b)(6) (*id.* at 5–8).

Plaintiff's Responses attempt to clarify his claims. First, Plaintiff explains this is neither a collateral attack on his conviction nor an action under § 1983 (ECF 65 at 2). Second, Plaintiff clarifies that the Cache County Defendants were added as Defendants "to prove they prosecuted" Plaintiff's underlying criminal matter (*id.*). Third, Plaintiff argues the Cache County Attorney should not be seen as an attorney of the State of Utah, but an employee of the United States (ECF 105 at 2). Fourth, Plaintiff asserts the United States is liable for malicious prosecution (*id.*). Finally, Plaintiff claims no statute of limitations "ha[d] been provided" and that his Letter being received by the United States puts it in breach of contract (*id.*).

The court considers the arguments by the parties in turn.

## II.     LEGAL STANDARDS

When deciding if a complaint states a claim upon which relief may be granted Rule 12(b)(6), a court takes all well-pleaded factual statements as true and regards them in a light most

4

favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554–55). In other words, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Red Hawk*, 493 F.3d at 1177.

A court construes pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citations omitted). If pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

5

## III. DISCUSSION

**a. The United States is the only Proper Defendant under the FTCA.**

While the Complaint does not mention § 1983, in his response to the Motions Plaintiff explicitly repudiates this action being one under 42 U.S.C. § 1983 (ECF 65 at 2) or the action being a collateral attack to his past criminal conviction (*id.*). Instead, Plaintiff cites to the FTCA as the statutory basis for his claims (ECF 1 at 7, 21). Accordingly, the court considers Plaintiff's claims under the FTCA. "The United States is the only proper defendant in an FTCA action." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)); *see also Brunson v. Adams*, No. 121CV00111JNPJCB, 2022 WL 316718, at *5–6 (D. Utah Jan. 6, 2022), *report and recommendation adopted,* No. 121CV00111JNPJCB, 2022 WL 306499 (D. Utah Feb. 2, 2022), *aff'd*, No. 22-4007, 2022 WL 5238706 (10th Cir. Oct. 6, 2022), *cert. denied*, 143 S. Ct. 569 (2023), *reh'g denied*, 143 S. Ct. 855 (2023) (dismissing plaintiff's claims under the FTCA against federal agents for lack of subject matter jurisdiction).

Because Plaintiff's claims for abuse of process, false imprisonment, and malicious prosecution come under the FTCA, all Defendants in this action other than the United States should be dismissed.[6] The court thus RECOMMENDS DISMISSAL of the Cache County Defendants, the Clerk Defendant, and the Federal Defendants from Plaintiff's Complaint as they are improper defendants in this action under the FTCA.

---

[6] While the court notes that the Cache County Defendants and the Clerk Defendant did not specifically raise this argument, the case law cited by the Federal Defendants is clear that FTCA claims may only be brought against the United States. The court thus, pursuant to the "just, speedy, and inexpensive determination of every action and proceeding," dismisses the Cache County and Clerk Defendants under this rationale. *See* Fed. R. Civ. P. 1.

### b. The United States Should also be Dismissed under the FTCA as Plaintiff's Claims are Time-Barred.

The doctrine of sovereign immunity bars claims for money damages against the United States unless Congress has clearly consented to such claims. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States partially waives "its sovereign immunity as to certain state-law tort claims" under the FTCA. *Rapid Enterprises, LLC v. United States Postal Serv.*, No. 222CV00627JNPJCB, 2023 WL 5979999, at *6 (D. Utah Sept. 14, 2023) (citing 28 U.S.C. § 1346(b)(1)). This gives federal district courts "exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'" *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C. § 1346(b)(1)). There are, however, exceptions including state-law tort claims that fall "outside of federal courts' jurisdiction" under the FTCA's exception clause. *Rapid Enterprises*, 2023 WL 5979999, at *7; 28 U.S.C. § 2680.

Generally, this court lacks jurisdiction over claims under the FTCA alleging abuse of process, false imprisonment, or malicious prosecution. *See Rapid Enterprises*, 2023 WL 5979999, at *7; *see also* 28 U.S.C. § 2680(h). This subsection is known as the "Intentional Tort Exception." *See Levin v. United States*, 568 U.S. 503, 507 (2013) ("We have referred to [28 U.S.C.] § 2680(h) as the 'intentional tort exception.'" (quoting *United States v. Shearer*, 473 U.S. 52, 54 (1985))). However, 28 U.S.C. § 2680(h) also contains a law enforcement proviso, which grants this court jurisdiction over these claims when they are alleged to have been committed by federal investigative or law enforcement officers. 28 U.S.C. § 2680(h). *See Millbrook*, 569 U.S. at 52–53 ("Known as the 'law enforcement proviso,' [§ 2680(h)] [] extends the waiver of sovereign immunity to claims of six intentional torts, including assault and battery, that are based on the 'acts

7

or omissions of investigative or law enforcement officers.'"); *see also Askew v. United States*, No. 23-3046, 2024 WL 242858, at *3 (10th Cir. Jan. 23, 2024) ("Section 2680(h) thus preserves the government's sovereign immunity from liability for assault and battery claims arising from the conduct of employees who do not fit this definition.").

To determine whether the law enforcement proviso applies, a court must assess whether the alleged tortfeasor qualifies as an "investigative or law enforcement officer[]." 28 U.S.C. § 2680(h). This is defined by the FTCA as "any officer of the United States who is empowered by law to" (1) "execute searches," (2) "seize evidence," or (3) "make arrests for violations of Federal law." *Id.*

Though not a model of clarity, liberally construing Plaintiff's Complaint, he appears to allege that the law enforcement proviso applies here against the United States. Under the liberal pleading standard, Plaintiff alleges that the Clerk Defendant and Cache County Defendants acted as federal agents using the information transferred from the DHS and the United States in his prosecution (ECF 1 at 13).

However, even assuming Plaintiff's Complaint properly pleads the law enforcement proviso applies, the FTCA claims against the United States are time-barred under two separate subsections of 28 U.S.C. § 2401 and therefore should be DISMISSED. A tort "action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Claims under the FTCA may also be barred "if [they are not] presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

Federal law controls the issue of when a federal cause of action accrues, but "because the statute waives the sovereign immunity of the United States, courts should be mindful to construe

8

it in a manner which neither extends nor narrows the waiver Congress intended." *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267 (10th Cir. 2002) (citing *Arvayo v. United States*, 766 F.2d 1416, 1418 (10th Cir. 1985)). In cases not involving medical malpractice injuries, "the general rule [is] [] that a tort claim accrues at the time of the plaintiff's injury," *United States v. Kubrick*, 444 U.S. 111, 120 (1979), or when "plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action," *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).

With a liberal reading of Plaintiff's Complaint, Plaintiff appears to allege he went through the administrative process when he raised his claims to the U.S. Attorney and DHS by sending the Letter to the United States and thereafter receiving DHS's denial of his requested relief on June 2022 (*see* ECF 73-3 at 2). However, as alleged, all the relevant factual investigatory and prosecutorial actions taken by the named parties took place by 2009 (*see* ECF 1 at 4, 6, and 10), and Plaintiff's Minutes show Plaintiff was found guilty and convicted of the underlying crimes in this action in August 2010 (ECF 72-1 at 1; ECF 73-1 at 2). Accordingly, because the Complaint here was not brought until July 2022 (ECF 1), over a decade later, Plaintiff's claims are time barred under 28 U.S.C. § 2401(a) and (b).

Beginning with 28 U.S.C. § 2401(a), Plaintiff knew or had "reason to know of the existence and cause of the injury which is the basis of his action" at the latest in August 2010, which is the date of his conviction, and should have therefore brought his claims against the United States in late 2016 for them to be actionable and not time barred. 28 U.S.C. § 2401(a) (A tort "action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."). Similarly, even if Plaintiff believes that his Letter to the United States attorney constituted proper procedure under 28 U.S.C. § 2401(b), the action should

9

have been brought to the relevant agency in late 2012 (*i.e.*, two years from his August 2010 conviction) and not nearly ten years later when Plaintiff sent his Letter. *See Franklin Sav. Corp., In re*, 385 F.3d 1279, 1287 (10th Cir. 2004) ("Federal law bars any tort claim against the United States unless it is presented to the appropriate federal agency within two years of the claim's accrual . . . ." (citing 28 U.S.C. § 2401(b))). Thus, Plaintiff's claims against the United States are time barred.

"Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)." *Franklin*, 385 F.3d at 1287 (citing *Dahl v. United States,* 319 F.3d 1226, 1228 (10th Cir. 2003)). When Plaintiff fails to file an action within the FTCA's statute of limitations, "it deprives the court of jurisdiction to entertain the action." *Id.* (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990)). As found above, Plaintiff's claims were filed outside of the FTCA's statute of limitations. Accordingly, the court lacks jurisdiction over Plaintiff's claims and the undersigned therefore RECOMMENDS dismissal of the Plaintiff's Complaint.

Plaintiff's Complaint alleges that in a separate case, *USA ex rel*, No. 1:21-cv-00160-TS (D. Utah), he tried to bring attention "to the first cause of action" by apparently sending a letter (ECF 1-1 at 18) to the Department of Justice on May 18, 2018 (ECF 1 at 11). He argues he first asserted his abuse of process claim to the "Agency responsible . . . on May 18, 2018" (ECF 1-1 at 18) and that this was ignored by a previous court in the cited case (ECF 1 at 11). Even if the court were to consider Plaintiff's first claim under a 2018 date, any such claims would still be time barred because Plaintiff would still be at least two years too late under 28 U.S.C. § 2401(a) given that any unlawful action took place at the latest in 2010.

10

Plaintiff also cites to 28 U.S.C. § 2675 and seems to argue that his Complaint is proper because he did not receive new evidence on his claims until March 8, 2022 (*id.* at 1). Plaintiff's use of 28 U.S.C. § 2675 is inappropriate here as any tolling under this subsection only applies to new information on damages. 28 U.S.C. § 2675(b) states that the sum of an action shall not exceed the sum of the "amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." This clause of the statute talks specifically about the sum amount of relief requested and has no force on the timeliness of Plaintiff's claims.[7]

## RECOMMENDATION

The undersigned therefore RECOMMENDS that the court GRANT Cache County Defendants' Motion (ECF 61), GRANT Clerk Defendant's Motion (ECF 72), and GRANT the Federal Defendants' Motion (ECF 73) and DISMISS WITHOUT PREJUDICE Plaintiff's Complaint. *See Eagar v. Drake*, 829 F. App'x 878, 885 (10th Cir. 2020) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("Dismissals for lack of jurisdiction [are] without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006))).

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any

---

[7] In addition to the time bar issues, it is unclear that the United States could be held liable for conduct of state agents under the FTCA. Plaintiff has not cited to any cases that are persuasive as to his reading of the FTCA. This is yet another hurdle Plaintiff would have to climb.

party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29 July 2024.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah