IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT ANDREW MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTIONS TO DISMISS DKTS. 61, 72, & 73**<br><br>Case No. 4:22-cv-00046-DN-CMR<br><br>District Judge David Nuffer<br>Magistrate Judge Cecilia M. Romero |

The Report and Recommendation ("Report and Recommendation")[1] issued by United States Magistrate Judge Cecilia Romero on July 30, 2024 recommends GRANTING the following three motions to dismiss: (1) the Motion to Dismiss filed by defendants Spencer Walsh and the Cache County Attorney's Office ("Cache County Motion")[2]; (2) the Motion to Dismiss and Memorandum in Support filed by Defendant Clerk of the Court for Cache First District Court ("Clerk Motion");[3] and (3) the Federal Defendants' Motion to Dismiss filed by the United States, Karin Fojtik, James Wright, Brian Dean, Greg McClune, and Robert Stokes ("Federal Motion" and together with the Cache County Motion and Clerk Motion, "Motions").[4] Plaintiff Robert Mullins ("Mullins") objected to the Report and Recommendation in his filing titled "Request by Leave of the Court to File Objection to Document 121" ('Objection").[5]

---

[1] Report & Recommendation Granting Motions to Dismiss: [61], [72], & [73], docket no. 121, filed July 30, 2024.

[2] Docket no. 61, filed December 21, 2023.

[3] Docket no. 72, filed February 5, 2024.

[4] Docket no. 73, filed March 6, 2024.

[5] Docket no. 124, filed August 12, 2024.

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[6]

Construed liberally, Mullins' Objection appears to make two relevant but unfruitful objections. First, Mullins requests a liberal view of his pleadings be taken and essentially asks this court to find a cause of action that would permit authority for jurisdiction regardless of whether the claims are considered to be brough under "28 USC 2671-2680, The Tucker Act under Federal Court of Claims, or § 1983 claims against abuse by USA . . . ."[7] Although pro se filings are construed liberally, it is not an appropriate "function of the district court to assume the role of advocate for the pro se litigant."[8]

In the Report and Recommendation, the Magistrate Judge found that Mullins brought his claims under the Federal Tort Claims Act ("FTCA"). Because the United States is the only proper party in FTCA claims, the Report and Recommendation recommended the individual defendants should be dismissed.[9] The Magistrate Judge's analysis is sound. Mullins's Complaint is captioned with the title "Federal Tort Filed under 28 U.S.C. 2671-2680"[10] and repeatedly references the FTCA. And while Mullins now asks the court to interpret his causes of action in any way that survives the Motions, he previously argued in a response to one of the Motions that his claims were not brought under § 1983 or as a collateral attack of his conviction. Just as the Magistrate Judge found,[11] Mullins's declared basis for his claims in his Complaint was the

---

[6] 28 U.S.C. § 636(b).

[7] Objection at 6.

[8] *Hall v. Bellmon*. 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] Report and Recommendation at 6-7.

[10] Federal Tort Filed under 28 U.S.C. 2671-2680, ("Complaint"), docket no. 1, filed July 20, 2022.

[11] Report and Recommendation at 6.

FTCA.[12] As the United States is the only proper party for a FTCA claim,[13] Mullins' claims against the individual Defendants must be DISMISSED.

Mullins also appears to argue that his claims are timely because he did not have certain materials until 2022 that finally made his claim a "complete and present action."[14]. This objection is overruled. FTCA claims accrue when the injury occurs, not when discovery occurs.[15] Claims under the FTCA must be brought within six years of the accrual of the right to bring suit.[16] Additionally, tort claims under the FTCA must be presented to an appropriate federal agency with two years of the accrual of a claim.[17] Exceptions to this rule are only made in "exceptional cases in which the plaintiffs could not have immediately known of their injuries."[18] Mullins' complaint is focused on events surrounding his underlying criminal case which occurred in 2009[19] or at latest in October 2010 when Mullins was sentenced and committed to prison.[20] Mullins does not demonstrate his case is exceptional – that he could not have immediately known of his injuries -- or any other reason that his claims should not be subject to the standard FTCA statute of limitations.

Mullins admits that even though he did not have the materials he argues delayed the accrual of his claim until 2022, he knew about the documents in 2016 based on a phone call with

---

[12] Complaint at 1, 7, 21.

[13] *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009).

[14] Objection at 1-2.

[15] *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003)).

[16] 28 U.S.C. § 2401(a).

[17] 28 U.S.C. § 2401(b).

[18] *Id.* at 1229.

[19] Complaint at 4.

[20] Docket no 72-1, filed February 5, 2024.

his counsel.[21] Mullins does not explain what specific document prevented the accrual of his claim or why he could not file a complaint without the document. And regardless, it is the *injury* that sparks claim accrual under the FTCA, and Mullins's alleged injuries all go back to his criminal conviction in October 2010. Under either the two-year limitation period under 28 U.S.C. § 2401(b) or the six-year limitation described in § 2401(a), the filing of Mullins's complaint was not timely and Mullins' claims must be DISMISSED.

The analysis and conclusion of the Magistrate Judge are correct. Therefore, the analysis and conclusion of the Magistrate Judge are accepted and the Report and Recommendation[22] is adopted.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[23] is ADOPTED and this case is DISMISSED without prejudice.

The Clerk shall close the case.

Signed September 28, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[21] Objection at 1-2.
[22] Report & Recommendation Granting Motions to Dismiss: [61], [72], & [73], docket no. 121, filed July 30, 2024.
[23] Report & Recommendation Granting Motions to Dismiss: [61], [72], & [73], docket no. 121, filed July 30, 2024.