THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT ANDREW MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Case No. 4:22-cv-00046-DN-CMR<br><br>District Judge David Nuffer |

Robert Mullins ("Mr. Mullins") seeks leave to appeal *in forma pauperis*[1] the Memorandum Decision and Order[2] and Judgment[3] entered on September 30, 2024. Defendants did not file a response. Mr. Mullins' Motion to appeal *in forma pauperis* is frivolous, not made in good faith, and DENIED.

## BACKGROUND

Mr. Mullins' Complaint alleges that three members of the United States Department of Homeland Security ("DHS") and an attorney for the United States transferred unlawfully obtained evidence to a Cache County Attorney, which led to his conviction. Mr. Mullins raises claims under the Federal Tort Claims Act ("FTCA") for abuse of process, false imprisonment, and malicious prosecution.

---

[1] Motion to Proceed In Forma Pauperis ("Motion"), docket no. 134, filed under seal Oct, 10, 2024; Notice of Appeal docket no. 133, filed Oct. 8, 2024.

[2] Memorandum Decision and Order Granting Defendants' Motion to Dismiss ("Memorandum Decision and Order"), docket no. 131, filed Sep. 30, 2024.

[3] Judgment, docket no. 132, filed Sep. 30, 2024.

## PROCEDURAL HISTORY

United States Magistrate Judge Cecilia Romero entered a Report and Recommendation that recommended the Court grant the Defendants' Motion to Dismiss.[4] The Report and Recommendation concluded: (1) the claims against all defendants other than the United States should be dismissed because the United States is the only proper defendant in an FTCA action;[5] and (2) the FTCA claims against the U.S. Attorney and DHS are time-barred under 28 U.S.C. §§ 2401(a)-(b) because the action was not commenced within six years of it accruing or being presented in writing to the appropriate federal agency within two years after the claim accrues.[6] The Report and Recommendation noted that Mr. Mullins should have brought his claims at the latest in 2016 because he knew or had reason to know of the existence of the claims in August 2010.[7]

Plaintiff filed an Objection to the Report and Recommendation that argued: (1) the Court should construe his briefing liberally and find a cause of action that would give the Court jurisdiction; and (2) his claims were timely because he did not have certain materials until 2022 that made his claim a "complete and present action."[8] The Court's Memorandum Decision and Order disposed of Plaintiff's two arguments by noting that: (1) although pro se filings are construed liberally, it is not an appropriate "function of the district court to assume the role of advocate for the pro se litigant";[9] and (2) "Plaintiff's objection to timeliness is overruled because

---

[4] Report & Recommendation Granting Motion to Dismiss: [61], [72], & [73] ("Report & Recommendation") at docket no. 121, filed July 30, 2024.

[5] Report & Recommendation at 6. "The United States is the only proper defendant in an FTCA action." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

[6] Report & Recommendation at 8-10.

[7] Report & Recommendation at 9.

[8] Memorandum Decision and Order at 2-3.

[9] Memorandum Decision and Order at 2. *Hall v. Bellmon*. 935 F.2d 1106, 1110 (10th Cir. 1991).

FTCA claims accrue when the injury occurs, not when discovery occurs."[10] The Court's Memorandum Decision and Order also noted: "Claims under the FTCA must be brought within six years of the accrual of the right to bring suit."[11] Plaintiff appealed the Memorandum Decision and Order.[12]

## DISCUSSION

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."[13] "The Supreme Court . . . has held that an appeal is taken under 28 U.S.C. § 1915 in objective good faith when it presents 'any issue not frivolous.'"[14] "[T]he points on which the appeal is taken [must be] reasonably arguable."[15] Mr. Mullins' Motion to proceed *in forma pauperis* is frivolous because his objection does not assert a reasonable argument. Specifically, both arguments that Mr. Mullins asserted in his objection are barred because the Tenth Circuit has held: (1) it is not an appropriate "function of the district court to assume the role of advocate for the pro se litigant";[16] and (2) FTCA claims accrue when the injury occurs, not when discovery occurs.[17] Mr. Mullins' claim accrued in August 2010, and he failed to file his Complaint until July 2022, which is twelve years after his claim accrued and six years past the deadline to file an FTCA claim.[18]

---

[10] Memorandum Decision and Order at 3. *See Dahl v. United States*, 319 F.3d 1226, 1228-29 (10th Cir. 2003).

[11] Memorandum Decision and Order at 2 (citing 28 U.S.C. § 2401(a)).

[12] Notice of Appeal at 1, docket no. 133, filed October 18, 2024.

[13] 28 U.S.C. § 1915(a)(3).

[14] Menefee v. Werholtz, 368 Fed. App'x 879, 884 (10th Cir. 2010) (quoting Coppedge v. United States, 369 U.S. 438, 444-45 (1962)).

[15] Sejeck v. Singer Mfg. Co., 113 F. Supp. 281, 282 (D. N.J. 1953).

[16] Memorandum Decision and Order at 2; *Hall v. Bellmon*. 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] Memorandum Decision and Order at 3; *see Dahl v. United States*, 319 F.3d 1226, 1228-29 (10th Cir. 2003).

[18] Mr. Mullins claims are also barred by 28 U.S.C. § 2401(b) because this statute required Mr. Mullins to present his claim to the appropriate federal agency within two years of his claim accruing and he waited to notify the relevant federal agency until April 22, 2022, which is twelve years after his claim accrued. Report & Recommendation at 3.

## CONCLUSION

IT IS HEREBY ORDERED that Mr. Mullins' Motion to appeal *in forma pauperis* is DENIED.

Signed November 26, 2024.

BY THE COURT

_____

David Nuffer
United States District Judge